UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KIRBY'S FAMILY PHARMACY, INC.      CIVIL ACTION 14-2690

VERSUS                              U.S. DISTRICT JUDGE DRELL

PRIME THERAPEUTICS LLC              U.S. MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion to remand, **Doc. 14**, referred to me by the district judge for report and recommendation. Plaintiff asserts that the jurisdictional threshold is not met. The parties agree that complete diversity exists.

This is a suit by an independent pharmacy, Kirby's, for reimbursement from defendant Prime, a pharmacy benefits manager, of amounts Kirby's alleges were not paid to it in the last five years as mandated by Louisiana law. Specifically, Kirby's claims that the "ten cent provider fee" was not paid. In its removal notice, Prime values the claim at $237.40. Plaintiff filed suit in Alexandria City Court seeking payment of the ten cent fees and also seeking a declaratory judgment that Prime must separately list the fee on its remittances. Finally it seeks a court order to stop Prime from conducting audits that are in violation of applicable State laws.[1] Defendant removed the case to this court under diversity jurisdiction claiming the value of the case to it is over $500,000 due to its possible costs of complying with the statute statewide.

---

[1] This request is not set forth in the prayer of the petition.

1

Plaintiff did not set forth in its petition a monetary amount it was seeking to be paid. In the prayer of the petition filed in city court, Kirby's seeks an award of the ten cent fee as explained above, costs and expenses, judicial interest, "all other damages allowed by law or equity"[2] attorney fees and a declaration that Prime is required under state law to segregate and list separately on the remittance advice the $.10 per prescription fee.

## Applicable law

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893.  Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds

---

[2] In the body of the petition, plaintiff seeks payment of "lost profits, increased expenses, lost productivity and other damages proven at the trial of this matter".

$75,000. De Aguilar I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.  Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought.  De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

      Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

      Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.  While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d at 1335.

      As Magistrate Judge Wilson stated in Carrier v. Veolia, 2007 WL 2350258 (W. D. La. 2007), no amounts which may be asserted in valid defense of all or part of a claim may be used

to reduce the amount in controversy in order to defeat diversity jurisdiction. The issue is not how much plaintiff's case may really be worth when all is said and done but, rather, what is the amount placed in dispute by the plaintiff.

Demands for equitable relief , including declaratory or injunctive relief, are assessed, for jurisdictional purposes, by "the value of the right to be protected or the extent of the injury to be prevented." Hartford v. Lou-Con, Inc., 293 F.3d 908 (5th Cir. 2002), that is, by the value of the object of the litigation Hunt v. Washington State Apple, 97 S. Ct. 2434 (1977); Garcia v. Koch Oil, 351 F.3d 636 (5th Cir. 2003). Further, the amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." Garcia, supra, at 640, fn 4.

## Analysis

Despite the fact that the Fifth Circuit has spoken on the issue presented here, Prime argues that this is a "unique" case and that plaintiff is seeking not just a declaratory judgment, but a "declaration of law" and Garcia doesn't apply. It is hard to imagine a court considering any request for declaratory judgment (28 U.S.C. §2201), which has as its purpose deciding the "rights and legal relations" of the parties and not applying the laws it finds applicable. This case is not unique and the declaration sought here is not unusual. This argument is frivolous.

The defendant also goes to great lengths to argue that the court should adopt a "from either viewpoint" standard instead of the Fifth Circuit's Garcia mandated "from the viewpoint of the plaintiff" standard. Defendant cites cases from other jurisdictions, a 1942 case from this district and learned treatises in support of its arguments. However, this court is bound by Fifth Circuit precedent and has no authority to overrule it or even to choose not to apply it.

Prime also points to Hale v. Billups of Gonzales, Inc., 610 F.Supp. 162, 164 (M.D. La. 1985) as not applying the plaintiff viewpoint rule. However, that case was decided 18 years before the Fifth Circuit decided Garcia, settling the issue once and for all.

Prime also cites Diez Oil Co., Inc. V. Mobil Oil Corp., 2009 WL 411572 (M.D. La. 2009). However, as pointed out by plaintiff's counsel, that case is easily distinguishable because it involved a stipulation as to the value of the declaratory relief sought and is not inconsistent with Garcia. Even if it were, Garcia, the controlling authority from the Fifth Circuit, applies.

Prime also argues that attorney fees must be included in the amount in controversy computation. It is correct that attorney fees may be included in the amount in controversy where they are provided for by statute or contract. Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534 (5th Cir. 1990). However, the attorney fees possibly involved here would not materially assist in reaching the jurisdictional threshold of $75,000.

Finally, Prime refers to plaintiff's complaint as supporting the amount in controversy. However, the amount in controversy is not apparent on the face of the complaint. Prime has not met its burden to set forth facts in controversy in its removal petition or by affidavit proving by a preponderance of the evidence that the jurisdictional limits are met from the standpoint of the plaintiff.

Further, it does not appear to the court that discovery in this matter is likely to result in evidence that the jurisdictional threshold is met since the main demand is for $237.40. For that reason, the alternative motion for jurisdictional discovery should be denied.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #14, be GRANTED and the case be remanded to the Alexandria City Court for further proceedings.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of February, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE